| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JEFFREY S. SHINBROT, ESQ. (SBN 155486) JEFFREY S. SHINBROT, APLC 15260 Ventura Blvd., Suite 1200 Sherman Oaks, CA  91403 Telephone: (310) 659-5444 Fax: (310) 878-8304 jeffrey@shinbrotfirm.com  ☐ Individual *appearing without an attorney* ☒ *Attorney for:* R44 Lending Group, LLC | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - <u>LOS ANGELES</u> DIVISION**

</div>

| In re:  R44 LENDING GROUP, LLC                        Debtor(s) | CASE NO.: 2:18-bk-15559-NB  CHAPTER 11 |
|---|---|
| | <div align="center">Fifth Amended<br>**CHAPTER 11 PLAN**<br>**DATED JANUARY 29, 2020**</div> |
| | <u>Confirmation Hearing/Status Conference</u><br>Date:          To be set by the Court<br>Time:<br>Courtroom:<br>Address: |

This Chapter 11 Plan (Plan) proposes to restructure the financial affairs of the above-named Debtor(s) (collectively, Debtor).  If confirmed, this Plan will bind all persons it provides for, whether or not they accept this Plan, object to confirmation, file a proof of claim or interest, or have their claims or interests allowed.

**Voting:**   You may be entitled to vote on this Plan.  A Chapter 11 Disclosure Statement (Disclosure Statement) that accompanies this Plan explains the voting rules and provides additional information.

**Caution:** *Your rights may be affected.  Read these papers carefully and discuss them with your attorney. (If you do not have an attorney, you may wish to consult one.)*

**Effective date:**  This Plan becomes effective (Effective Date) on the 15th day following the entry of a non-stayed and non-appealed confirmation order on the docket, or, if that is not a business day, then the next business day.  *Exception:*  the Plan proponent may waive the condition that the confirmation order not be subject to a pending appeal.

**Definitions and rules of construction** are as set forth in the Bankruptcy Code (11 U.S.C. section (§) 101 and following) and in the Federal Rules of Bankruptcy Procedure (FRBP or Rules).  *See* §§ 101, 102 and 1101 and Rule 9001.  All exhibits to this Plan are considered part of this Plan but, in the event of any conflict between this Plan and its exhibits, the terms of this Plan control.

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                     Page 1                     **F 3018-1.CH11.PLAN**

# ARTICLE I.  TREATMENT OF CLAIMS AND INTERESTS

**SUMMARY:**  Exhibit A to this Plan shows how claims and interests are treated, as qualified and explained below.

**A. Unclassified claims.**  Some claims are unclassified (because they cannot vote and, unless the claim holder agrees otherwise, their treatment is fixed by the Bankruptcy Code).  These claims include costs of administering this bankruptcy case (Administrative Claims), such as professionals' fees and expenses. Administrative Claims bar date:  The last day to file a request for payment of Administrative Claims is 28 days after the Effective Date or such other date as the court may order.

**B. Classified claims.**  All other claims and interests are separated into one of the following classes. Classes 1 and 2 are for claims "secured" by collateral – such as a mortgage/deed of trust (DOT), a secured car loan, or any other claim secured by a lien on property of the bankruptcy estate (Collateral).  Class 3 is for "priority" unsecured claims, class 4 is for general (nonpriority) unsecured claims, and class 5 is for "interests" (defined below).  All classes are divided into subclasses for each unique type of claim (class 1A, 1B, 2A, 2B, etc.).

> **Class 1: Claims secured by principal residence.**  This class is reserved for claims secured *only* by real estate that is an individual Debtor's principal residence.  If you hold that type of claim then it cannot be modified by this Plan unless you consent.  *See* § 1123(b)(5).  (If Debtor is not an individual, or if there is no such claim, then class 1 should be left blank.)

> **Class 2: Other secured claims.**  If you hold a secured claim that is not in class 1, then this Plan may propose to modify your claim, as specified in Exhibit A.  Modifications may include a new interest rate, a longer term for payment, etc., subject to limitations in the Bankruptcy Code.  If the dollar amount of your claim exceeds the value of the Collateral, then your claim may be split (bifurcated) into (1) a secured claim equal to that value (in this class 2) and (2) an unsecured claim for the remainder, sometimes called the "deficiency" claim (in class 4, unless it is allowed as a priority claim in class 3). *Exceptions:*

>> **(a) Disputed valuation.**  If you wish to dispute the bifurcation/estimated value of the Collateral provided in Exhibit A then you must file a timely objection to confirmation of this Plan.  *Note: Your opportunity to object is intended only as a safeguard: the Plan proponent should resolve all valuation issues before soliciting any votes on this Plan.  Valuation can be resolved by consent or by an order on a motion to value the Collateral.*

>> **(b) Sale.**  If this Plan provides for a sale of the Collateral, then you may credit bid the *full* dollar amount of your claim, unless the court orders otherwise (§ 1129(b)(2)(A)(ii)).

>> **(c) § 1111(b).**  If you make a timely election under § 1111(b) (per Rule 3014) then, (i) notwithstanding any other provisions of this Plan your secured claim will *not* be reduced to the value of the Collateral (it will not be bifurcated), (ii) you will lose any unsecured deficiency claim, and (iii) you may be paid over a longer time with a lower interest rate but with more dollars, resulting as nearly as possible in the *same estimated present value* as if you had not made the election.  The precise treatment is either included in the exhibits to the Plan and Disclosure Statement as an alternative or it will be provided as a supplement to this Plan at a time to be agreed upon between you and the Plan proponent, or as otherwise ordered by the court.  The election is complex - most creditors do not make it, and before doing so you should consult your attorney (if you do not have an attorney, you may wish to consult one).

> **Class 3: Priority Claims.**  A claim has "priority" if it is entitled to certain special treatment under § 507.  For example, if Debtor owes you wages that you earned within 180 days before the bankruptcy petition was filed, then you may hold a priority claim for those unpaid wages.

> **Class 4: General Unsecured Claims.**  If you hold a claim that is not secured and is not entitled to priority, then you hold a general unsecured claim.  This class is divided into two subclasses. Class 4A contains all general unsecured claims other than any small claims in Class 4B (claims below the dollar

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 2                                    **F 3018-1.CH11.PLAN**

amount specified in <u>Exhibit A</u>) that, for convenience, are to be paid in full on the Effective Date (as permitted by § 1122(b)).  (Exception: if there are any additional classes, which is rare, then they are listed on <u>Exhibit A</u>.)  Claims in class 4A will be paid the following percentage of their allowed amounts:

☒ **estimated percentage:** <u>10%</u>, but the *actual* percentage could be higher or lower depending on the total funds available and the total allowed claims – for example, if administrative, secured, or priority claims are larger than expected then the percentage paid to general unsecured claims will be lower.  The stated *estimate* is calculated as follows: (1) the total estimated funds available for class 4A under this Plan divided by (2) the sum of all estimated allowed claims in class 4A.

**OR**

☐ **fixed percentage:** <u>    %</u>.  The percentage is fixed: this Plan is a commitment to pay this percentage regardless of future revenues, expenses, or the total allowed claims.  If Debtor is unable to pay this percentage then that will be a default under this Plan.

*Only one of the above boxes should be checked*.

**Class 5** consists of "interests."  If Debtor is an organization then "interests" means ownership interests (such as corporate stock, or a partner's interest in a partnership).   If Debtor is an individual, then Debtor is the interest holder.  This class will remain unchanged unless otherwise provided in the exhibits to the Plan and Disclosure Statement (*e.g.*, cancellation of existing interests, the dollar amount of any proposed "new value," who is required/permitted to provide such new value, and what they will receive in exchange.)

***Class 6*** *consists of tenants of Park Granada.  If you are a tenant in Park Granada, see Exhibit I below for treatment.*

**C. Disputed claims or interests.**  A claim or interest is Disputed if (1) an objection has been filed against it <u>or</u> (2)(a) it is not listed on Debtor's bankruptcy schedules, or it is listed as disputed, contingent, or unliquidated, and (b) no proof of claim or interest has been filed.  *See* §§ 502(a), 1111(a).  *Exception:* a claim or interest ceases to be Disputed once it is allowed by a final non-appealable order.

**D. Distributions.**  Except as otherwise specified in this Plan, payments on each claim will be made on the first calendar day of each month (or other period specified in <u>Exhibit A</u>), in equal dollar amounts, starting with the month following the Effective Date, and continuing for the period specified in <u>Exhibit A</u>.   A separate, interest-bearing bank account (Claims Reserve) will hold distributions for any claims that cannot be paid until they are allowed by court order, such as professional fees or Disputed claims (Reserved Claims).   The Disbursing Agent (defined below) is required to reserve enough funds/assets to pay the distributions that each Reserved Claim will be entitled to receive if it is allowed in full (unless the court approves a different amount). *Distribution of unclaimed or excess funds:*  To the extent that (1) Debtor has been unable to deliver distributions, and they remain unclaimed for at least 21 days after at least one good faith attempt to correct any incorrect address and redeliver them, or (2) a Reserved Claim is disallowed by final order, then, unless otherwise ordered by the court, the funds that had been reserved for such claim will be distributed (a) as provided in this Plan to other creditors of the same class or (b) to Debtor if (i) this box is checked ☒ and (ii) as to disallowed claims, it is Debtor who obtained such disallowance.

**E. Settlement.**  Debtor will have the power and authority to settle or compromise any claim by or against Debtor, subject to notice and court approval under Rule 9019 for as long as the court retains jurisdiction, except that for any claims *against* Debtor no notice or court approval is necessary if the allowed amount of such claim under the settlement or compromise will be less than <u>$20,000</u>.

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 3                    **F 3018-1.CH11.PLAN**

## ARTICLE II.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES

On the Effective Date, Debtor's "executory" contracts (described in the Disclosure Statement) and unexpired leases will be (a) assumed (*i.e.,* cured and reinstated) as obligations of the reorganized Debtor, or (b) assumed and then instantaneously assigned, or (c) rejected, all as stated in the attached <u>Exhibit B</u>.  Any executory contract or unexpired lease that is not listed on <u>Exhibit B</u> will be deemed rejected.  *Exception:* if this box is checked [    ] then any such unlisted contract or lease will be deemed assumed. The order confirming this Plan will constitute an order approving this paragraph's treatment of executory contracts and unexpired leases.

**Rejection bar date.**  Any claim arising from the rejection of an executory contract or unexpired lease under the immediately preceding paragraph must be filed by the later of (1) the general bar date for claims or (2) 28 days after the date of the order confirming this Plan.  Rejection claims are general unsecured claims in class 4, unless the claim is allowed as a priority claim in class 3.

## ARTICLE III.  MEANS OF IMPLEMENTATION

**Funding.**  This Plan will be funded as explained in the exhibits to the Disclosure Statement.  All transfers of property under this Plan shall be made in accordance with any applicable provisions of nonbankruptcy law to the extent required by § 1129(a)(16).

The Disbursing Agent shall be Debtor, who shall serve without bond or compensation but shall be entitled to reimbursement of reasonable expenses by applying to the court no more frequently than once every three months.

***The following paragraph does not apply to individual Debtors:***  (1) <u>Regulated rates</u>.  To the extent that the foregoing funding depends on regulatory approval of rates charged by Debtor, governmental approval of such rates must be obtained prior to or upon confirmation of this Plan (as required by § 1129(a)(6)). (2) <u>Corporate charter</u>.  Debtor's corporate charter must be amended to include a provision prohibiting the issuance of nonvoting equity securities and providing an appropriate distribution of voting power among any classes of securities (as required by § 1123(a)(6)).  The precise amendments to the corporate charter must be attached to the Disclosure Statement as an exhibit.  (3) <u>Post-Effective Date management</u>.  Exhibits to the Disclosure Statement also must disclose (as required by § 1129(a)(5)) all individuals proposed to serve, after confirmation of this Plan, as director, officer, or voting trustee of Debtor (or an affiliate of Debtor participating in a joint plan with Debtor, or any successor to Debtor under this Plan), as well as all insiders who will be employed or retained by Debtor, including such individual's name, proposed compensation, job description, affiliation to Debtor, and qualifications.

## ARTICLE IV.  DISCHARGE; EFFECTS OF CONFIRMATION

**A. Discharge.**  Debtor shall receive a discharge of debts to the extent and at the time provided in § 1141(d), whether or not a party in interest has filed a proof of claim or interest, or accepts this Plan, unless the court orders otherwise.

***The following paragraph only applies to Debtors who are individuals:***  Pursuant to § 1141(d)(5), Debtor will not be discharged from any debts unless and until (1) Debtor completes all payments "under" the Plan and obtains an order of the court granting a discharge (§ 1141(d)(5)(A)&(C)) – for purposes of this Plan payments that extend beyond the Plan Term stated in <u>Exhibit A</u> are not considered payments "under" the Plan (*e.g.,* if the Plan Term is 5 years then Debtor will be eligible for a discharge under this clause if 5 years of payments are made, but the debtor will remain obligated on obligations that extend beyond the Plan Term, such as a 30-year mortgage); (2) the court grants a limited ("hardship") discharge (§ 1141(d)(5)(B)&(C)); or (3) the court "orders otherwise for cause" (§ 1141(d)(5)(A)&(C)).  Notwithstanding the other terms of this paragraph, a discharge will not discharge Debtor from any debts that are nondischargeable under § 523 (except as provided in Rule 4007(c)) or the obligations created by this Plan.

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 4                                    **F 3018-1.CH11.PLAN**

**B. Vesting of Property.**  On the Effective Date, all property of the bankruptcy estate will vest in the reorganized Debtor pursuant to § 1141(b) & (c), free and clear of all claims and interests except as otherwise provided in this Plan.

**C. Plan Creates New Obligations.**  Except as otherwise provided in this Plan, (1) the payment terms promised in this Plan constitute new contractual obligations that replace any payment terms that existed prior to the Effective Date, and (2) all rights and obligations *other than* those new payment terms continue to apply. For example, (1) this Plan does not modify any obligations to insure collateral, and (2) if the Plan only addresses arrears for a particular claim, then the regular payments will be made as they come due based on the governing loan documents and, except with respect to curing the arrearages, the Plan does not alter the legal equitable, or contractual rights of the holder of that claim (unless otherwise provided with respect to a specific claim or Class of claims).

**D. Actions Restrained.**  Creditors, interest holders and other parties in interest may not take any action to enforce preconfirmation obligations, or any obligations due under this Plan, so long as Debtor is not in material default under this Plan (as defined below).  If Debtor is in material default under this Plan, then any party in interest may:  (1) take any action permitted under nonbankruptcy law either (a) to enforce the terms of this Plan as a contract of Debtor or (b) to pursue nonbankruptcy remedies including collection of the entire nondischarged dollar amount of any claim held by such person, or (2) if this case is still pending, move to dismiss this case or to convert this case to one under chapter 7, or seek other relief from the bankruptcy court. If this case is converted to chapter 7 at any time, then property will revest in the chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the court during this case.

**E. Material Default Defined.**  If Debtor (1) fails to make any payment required under this Plan, or (2) fails to perform any other obligation required under this Plan for more than 14 days after the time specified in this Plan, or (3) performs any act that is inconsistent with the terms of this Plan, then any affected creditor, interest holder, or other party in interest may file and serve upon Debtor and Debtor's attorney (if any) a written notice of default at their most recent address(es) listed in this case.  Debtor is in material default under this Plan if Debtor fails within 21 days after service of that notice of default, plus an additional 3 days if served by mail, either to cure the default or obtain from the court an extension of time to cure the default or a determination that no material default occurred.  Notwithstanding the other provisions of this paragraph, to the extent that Debtor has assumed an executory contract or unexpired lease, or to the extent that a creditor retains a lien under this Plan that was a consensual lien, the default provisions of that contract, lease, or lien documentation govern what constitutes a default for purposes of the rights and remedies thereunder, all subject to applicable nonbankruptcy law and any exceptions set forth in this Plan.

## ARTICLE V.  GENERAL PROVISIONS

**A. Modification of Plan.**  The Plan proponent may modify this Plan at any time before confirmation, subject to § 1127 and Rule 3019(a), but in that event the court may require a new disclosure statement and/or revoting on the Plan.  The Plan proponent or the reorganized Debtor also may seek to modify this Plan at any time *after* confirmation (1) if this Plan has not been substantially consummated and (2) if the court authorizes the proposed modifications after notice and a hearing (§ 1127(b)).  In addition, if Debtor is an individual then Debtor or other persons may seek to modify this Plan after confirmation pursuant to § 1127(e).

**B. Cramdown.**  The Plan proponent reserves the right to seek confirmation notwithstanding the rejection of this Plan by one or more classes of creditors or interest holders, pursuant to § 1129(b).

**C. Governing Law and Binding Effect.**  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or Rules), the laws of the State of California govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. The rights and obligations of any entity named or referred to in this Plan shall be binding upon and shall inure to the benefit of the successors and assigns of such entity.

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 5    F 3018-1.CH11.PLAN

**D. Quarterly Fees.**  Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with that statute until entry of a final decree, or entry of an order of dismissal or conversion to chapter 7.

**E. Closing Case, and Post-Confirmation Status Report.**  As soon as practicable under Rule 3022, the Plan proponent shall file a motion with the court to obtain a final decree to close this bankruptcy case, unless good cause is shown to keep this case open.  As long as this case is not closed, the Plan proponent must file status reports every 120 days explaining what progress has been made toward substantial consummation of the confirmed Plan.  The status report must be served on the United States Trustee, the official creditors' committee (or, if none, then the twenty largest general unsecured creditors), and those parties who have requested special notice.

**F. Retention of Jurisdiction.**  After confirmation, the court retains and may exercise jurisdiction over proceedings concerning:  (1) whether Debtor is in material default under this Plan, (2) whether the time for performing any Plan obligation should be extended, (3) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan or in the Disclosure Statement to be filed with the court, (4) whether the case should be dismissed or converted to one under chapter 7, (5) any proceedings to allow or disallow claims or administrative expenses (the court will not review professional fees incurred after the Effective Date, unless otherwise stated in attached exhibits to the Plan or Disclosure Statement), (6) settlements or compromises under Rule 9019, (7) any proceedings under §§ 110, 329, or 362, or regarding sanctions, and (8) any other proceedings, whether or not commenced or contemplated as of the Effective Date, regarding the implementation, interpretation, or enforcement of this Plan or the administration of the

bankruptcy case or estate.  This retention of jurisdiction, however, will end on the later of (a) ____ year(s) (if blank, then two years) after the Effective Date, (b) as to any then-pending adversary proceeding or contested matter, when it is finally resolved by a judgment or order, or (c) as to an individual Debtor's discharge, when that discharge is granted or denied by final order.

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                      Page 6                                      **F 3018-1.CH11.PLAN**

| Signature: | Printed name of signer:  Mr. Leo Starflinger |
|---|---|
| _____ <br> Debtor R44 LENDING GROUP, LLC <br><br> Date: _1/29/2020_ | Organization (if applicable): <br> R44 LENDING GROUP, LLC <br><br> Title (*e.g.*, President):  Managing Member |
| Signature: _____ <br> Attorney for Plan proponent <br><br> Date: _____ | Printed name of signer:  Jeffrey S. Shinbrot <br> Law firm:  Jeffrey S. Shinbrot, APLC |

**Attorney Certification** (subject to what the judge may permit/require, this form is not mandatory, but if it is used then it and its exhibits must not be altered without disclosure/authorization as provided below):

I, the undersigned, am legal counsel for the above-referenced Plan proponent, and I hereby certify the following:  (1) this Plan, including the attached exhibits A & B, are true and correct copies of the latest versions of the LBR form plan and exhibits approved for use by the United States Bankruptcy Court for the Central District of California; (2) modifications have been made as directed or permitted by written order (docket no. ___) (or, if the presiding judge permits, by other authorization such as oral approval by the court on the record – specify: _____); and (3) no other alterations or modifications to any provision of such form Plan have been made except as shown by a "redlined" version of this Plan (docket no. ___) or described as follows:

Class 6 added above.  Exhibit "I"

Exhibit "D" (Monthly Operating Reports) annexed to declaration filed concurrently herewith and therefore omitted from spreadsheet.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 1/  /2020 Signature: _____, Printed name: Jeffrey Shinbrot.

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                              Page 7                                         F 3018-1.CH11.PLAN

| Signature: _____ <br><br> Debtor R44 LENDING GROUP, LLC <br><br><br> Date: _____ | Printed name of signer: Mr. Leo Starflinger <br><br> Organization (if applicable): <br> R44 LENDING GROUP, LLC <br><br> Title (*e.g.*, President): Managing Member |
|---|---|
| Signature: _____ <br><br> Attorney for Plan proponent <br><br> Date: 1/29/2020 | Printed name of signer: Jeffrey S. Shinbrot <br><br> Law firm: Jeffrey S. Shinbrot, APLC |

**Attorney Certification** (subject to what the judge may permit/require, this form is not mandatory, but if it is used then it and its exhibits must not be altered without disclosure/authorization as provided below):

I, the undersigned, am legal counsel for the above-referenced Plan proponent, and I hereby certify the following: (1) this Plan, including the attached exhibits A & B, are true and correct copies of the latest versions of the LBR form plan and exhibits approved for use by the United States Bankruptcy Court for the Central District of California; (2) modifications have been made as directed or permitted by written order (docket no. ____) (or, if the presiding judge permits, by other authorization such as oral approval by the court on the record – specify: _____); and (3) no other alterations or modifications to any provision of such form Plan have been made except as shown by a "redlined" version of this Plan (docket no. ___) or described as follows:



I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 1/ /2020 Signature: _____, Printed name: Jeffrey Shinbrot.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 7                                    **F 3018-1.CH11.PLAN**

EXHIBIT A

R44 Lending Group, LLC    **EXHIBIT A-Treatment of Claims / Interests**    Periodic Payments [e.g., every mo. x 60 mos.]

| Class | Impaired? Y/N | Short Description | Endnotes (Ex.H) | Estimated Claim(s) | Claim % to be Paid | $ On Effective Date (projected 03/01/20) | Every [ 1 month(s) ] | Term (e.g., 60 mos.) | Interest Rate | Amortizing Payments | Equivalent $ on Monthly Basis | $ At End of Term (Balloon Payment) | Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | US Trustee Fees | | $ 325.00 | 100.0% | $ 325.00 | | | | | | | 325.00 |
| | | Tax § 507(a)(8) | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | | $ - |
| | | Tax § 507(a)(8) | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | | $ - |
| | | Debtor's attorney | | $ 35,000.00 | 100.0% | $ 35,000.00 | 1 | | % | $ - | $ - | $ - | $ 35,000.00 |
| | | Debtor's accountant /FA | | $ 5,000.00 | 100.0% | $ 5,000.00 | 1 | | % | $ - | $ - | $ - | $ 5,000.00 |
| 1A | | Home, 1st DOT arrears | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| 1B | | Home, 2d DOT arrears | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| 1C | | Home, 3d DOT arrears | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| 2A | Y | Annette Garner | 5 | $ 70,000.00 | 100.0% | $ - | 1 | | 10.00% | $ - | $ - | $ 63,000.00 | $ 63,000.00 |
| 2B | Y | Diane Oeffler Valine F. Tr. | | $ 50,000.00 | 100.0% | $ - | 1 | | % | $ - | $ - | $ 45,000.00 | $ 45,000.00 |
| 2C | Y | Peter Starflinger | | $ 83,640.00 | 100.0% | $ - | 1 | | % | $ - | $ - | $ 75,276.00 | $ 75,276.00 |
| 3A | | Priority § 507(a) | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| 3B | | Priority § 507(a) | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| 4A | Y | General unsecured (Ex.F) | 1 | $ 51,212.79 | 10.0% | $ - | 1 | 24 | % | | $ - | $ 5,121.28 | $ 5,121.28 |
| 4B | | Pay 100% up to $ - | | $ - | 100.0% | $ - | | | | | | | $ - |
| 5A | N | LLC Membership Interests | | interests unchanged | | $ - | ← Any "new value" must be *negative* (payment is *to estate*) | | | | | | $ - |
| ↓ **Extra Rows** (more classes, or unclassified claims). **Class 1** = "principal residence" secured, **2**=other secured, **3**=priority, **4**=general unsecured, **5**=interests | | | | | | | | | | | | | |
| 6 | Y | Park Granada Tenants | 2 | $ 200,000.00 | 100.0% | $ 200,000.00 | 1 | | % | $ - | $ - | $ - | $ 200,000.00 |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| Ex.A-ContinuationSheet (if any) | | | | $ 3,777,000.00 | | $ - | | | | | $ - | $ 3,399,300.00 | $ 3,399,300.00 |
| Ex.B totals (§ 365) (if any) | | | | $ - | 100.0% | $ - | 1 | | % | $ - | | | $ - |
| **GRAND TOTALS** | | | | $ 4,272,177.79 | | $ 240,325.00 | | | | $ - | $ 3,587,697.28 | $ 3,828,022.28 |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June, 2014*

F 3018-1.CH11.PLAN-DS.EXHIBITS

| Class | Impaired? Y/N | Short Description | Endnotes (Ex.H) | Estimated Claim(s) | Claim % to be Paid | $ On Effective Date (projected 03/01/20) | Every [_1 month(s) Term (e.g., 60 mos.) | Interest Rate | Amortizing Payments | Equivalent $ on Monthly Basis | $ At End of Term (Balloon Payment) | Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **R44 Lending Group, LLC** | | **EXHIBIT A-Treatment of Claims / Interests** | | | | | **Periodic Payments** [*e.g., every mo. x 60 mos.*] | | | | | |
| **EXHIBIT A-Continuation Sheet** | | | | | | | | | | | | |
| 2D | Y | Southwest Finance | $ 3,777,000.00 | 100.0% | $ - | 1 | % | $ - | $ - | $ 3,399,300.00 | $ 3,399,300.00 |
| 2E | | | $ - | 100.0% | $ - | 1 | % | $ - | $ - | $ - | $ - |
| 2F | | | $ - | 100.0% | $ - | 1 | % | $ - | $ - | $ - | $ - |
| 2G | | | $ - | 100.0% | $ - | 1 | % | $ - | $ - | $ - | $ - |
| 2H | | | $ - | 100.0% | $ - | 1 | % | $ - | $ - | $ - | $ - |
| 2I | | | $ - | 100.0% | $ - | 1 | % | $ - | $ - | $ - | $ - |
| 2J | | | $ - | 100.0% | $ - | 1 | % | $ - | $ - | $ - | $ - |
| 2K | | | $ - | 100.0% | $ - | 1 | % | $ - | $ - | $ - | $ - |
| | | | $ - | 100.0% | $ - | 1 | % | $ - | $ - | $ - | $ - |
| | | | $ - | 100.0% | $ - | 1 | % | $ - | $ - | $ - | $ - |
| | | | $ - | 100.0% | $ - | 1 | % | $ - | $ - | $ - | $ - |
| | | | $ - | 100.0% | $ - | 1 | % | $ - | $ - | $ - | $ - |
| | | | $ - | 100.0% | $ - | 1 | % | $ - | $ - | $ - | $ - |
| | | | $ - | 100.0% | $ - | 1 | % | $ - | $ - | $ - | $ - |
| | | | $ - | 100.0% | $ - | 1 | % | $ - | $ - | $ - | $ - |
| | | | $ - | 100.0% | $ - | 1 | % | $ - | $ - | $ - | $ - |
| | | | $ - | 100.0% | $ - | 1 | % | $ - | $ - | $ - | $ - |
| | | | $ - | 100.0% | $ - | 1 | % | $ - | $ - | $ - | $ - |
| | | | $ - | 100.0% | $ - | 1 | % | $ - | $ - | $ - | $ - |
| | | | $ - | 100.0% | $ - | 1 | % | $ - | $ - | $ - | $ - |
| | | | $ - | 100.0% | $ - | 1 | % | $ - | $ - | $ - | $ - |
| | | | $ - | 100.0% | $ - | 1 | % | $ - | $ - | $ - | $ - |
| **TOTALS (this page only)** | | | $ 3,777,000.00 | | $ - | | | | $ - | $ 3,399,300.00 | $ 3,399,300.00 |

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| R44 Lending Group, LLC | | **EXHIBIT A1 - Variable Payments ("Step up" / "Step down") if any** | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Class | Short Description | Period A - $/mo., for 24 Months | Period B | Period C | Period D | Period E | Period F | $/mo. After Last Period | Total Ex.A1 Payments | |
| | Tax § 507(a)(8) | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| | Tax § 507(a)(8) | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| | Debtor's attorney | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| | Debtor's accountant /FA | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| 1A | Home, 1st DOT arrears | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| 1B | Home, 2d DOT arrears | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| 1B | Home, 3d DOT arrears | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| 2A | Annette Garner | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| 2B | Diane Oeffler Valine F. Tr. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| 2C | Peter Starflinger | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| 3A | Priority § 507(a) | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| 3B | Priority § 507(a) | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| 4A | General unsecured (Ex.F) | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| | | | | | | | | | | |
| 5A | LLC Membership Interests | $ - | $ - | $ - | $ - | $ - | $ - | | $ - | |
| ↓ Extra Rows (more classes) | | | | | | | | | | |
| 6 | Park Granada Tenants | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| Ex.A1-ContinuationSheet (if any) | | $ - | $ - | $ - | $ - | $ - | $ - | | $ - | |
| Ex.B "Promptly After" Effective Date | | $ - | $ - | $ - | $ - | $ - | $ - | | $ - | |
| **TOTAL Variable Payments** | | $ - | $ - | $ - | $ - | $ - | $ - | | $ - | |

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June, 2014

F 3018-1.CH11.PLAN-DS.EXHIBITS

| R44 Lending Group, LLC | EXHIBIT A1 - Variable Payments ("Step up" / "Step down") if any | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Class / Short Description | Period A - $/mo. for 24 Months | Period B | Period C | Period D | Period E | Period F | $/mo. After Last Period | Total Ex.A1 Payments |
| **Ex.A1-Continuation Sheet** | | | | | | | | |
| 2D Southwest Finance | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2E | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2F | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2G | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2H | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2I | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2J | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2K | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| **TOTALS (this page only)** | $ - | $ - | $ - | $ - | $ - | $ - | | $ - |

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June, 2014*                                                                                 **F 3018-1.CH11.PLAN-DS.EXHIBITS**

EXHIBIT A (cont.) Treatment of Occupants of Park

Class #6: Occupants of Park Granada ("Park"):

| | |
|---|---|
| **PARK CLOSING** | Each occupant of each mobile home shall vacate the Park no later than the later of the Effective Date of the Plan or **June 1, 2020** |
| Pre-Bankruptcy Notice of Park Closing | On January 8, 2018, all occupants were provided with written Notice of Closing of the Park. |
| Amount Paid to Occupants of spaces 4, 6, 9, 15, 20, 25 | Occupant's choice of (1) $25,000 on Effective Date if occupant removes mobile home from Park and/or vacates Park and deeds the mobile home to Debtor prior to the Effective Date <u>or</u> (2) $5,000 on Effective Date if occupant removes mobile home from Park and/or vacates Park and deeds mobile home to Debtor prior to the Effective Date <u>plus</u> up to an additional $35,000 upon sale or refinance of the Park if funds are available as set forth in Exhibit H. |
| Amount Paid to Occupants of spaces 17 and 24 | <u>If submit proof that the additions to their mobile homes were permitted</u>, occupant's choice of (1) $25,000 on Effective Date if remove mobile home from Park and/or vacate Park and deed mobile home to Debtor prior to the Effective Date <u>or</u> (2) $5,000 on Effective Date if remove mobile home from Park and/or vacate Park and deed mobile home to Debtor prior to the Effective Date <u>plus</u> up to $35,000 upon sale or refinance of the Park. |
| Amount Paid to Occupants of spaces 16, 21, and 22 | <u>These occupants purchased mobile homes after decision to close Park and were notified of pending closure prior to purchase.  If submit proof that they were not notified of pending closure prior to purchase</u>, occupant's choice of (1) $25,000 on Effective Date if remove mobile home from Park and/or vacate Park and deed mobile home to Debtor prior to the Effective Date <u>or</u> (2) $5,000 on Effective Date if remove mobile home from Park and/or vacate Park and deed mobile home to Debtor prior to the Effective Date <u>plus</u> up to $35,000 upon sale or refinance of the Park. |
| Amount Paid to Occupants Not Legally Entitled to Tenancy  (occupants of spaces: 1 [unpermitted storage building]; 2 [unpermitted add on]; 7 [impermissibly subleased]; 14 [unpermitted occupant, not paid rent]; 23  [abandoned coach]; and 26 [abandoned coach] | $0 |
| Timing of Payment | Pursuant to option chosen: either $25,000 on Effective Date or alternatively, $5,000 on Effective Date and up to $35,000 on sale or |

| | |
|---|---|
| | refinance of the Park not later than 24 months after Effective Date, as set forth in Exhibit H to the Plan. |
| Removal of mobile home | Any owner removing a mobile home shall be responsible for any damage to the Park, including roads and common areas, caused by the removal of the mobile home. In the event that the Debtor suffers damages by reason of the removal of a mobile home, the Debtor may offset any such damages against any distribution to which would otherwise be owed under this Plan. |
| Source of Payment | The Debtor has received loan commitment, contingent upon Court approval, of a super priority priming lien for the lender for the amount owed, up to $300,000.  Balance paid including 6$ annual interest upon sale or refinance of the Park for those occupants who elect to accept $5,000.00 on the Effective Date only with the possibility of receiving up to an additional $35,000.00, else to be treated as set forth in Exhibit H. |
| Disputes as to Validity of Tenancy | The Bankruptcy Court shall retain jurisdiction if an unresolvable dispute arises as between occupant and Debtor. |
| Closing of Park: | Each occupant of each mobile home shall vacate the Park no later than the Effective Date of June 1, 2020. If any occupant continues to occupy a mobile home in violation of the Order confirming the Debtor's Plan, the Debtor may obtain from the Bankruptcy Court, upon the filing of an affidavit and without hearing, an order (which shall include the authorization for the issuance of a Writ of Possession) directing the United States Marshal and/or the Sheriff, Marshal or other appropriate law enforcement agency of Los Angeles County, California ( collectively referred to herein as the "United States Marshal") to immediately evict such occupant(s) from the Park and have personal items found at the mobile home occupied by such parties removed at the occupants' expense, along with the following: (a) the Debtor and/or its counsel or professional property managers shall be allowed to accompany the United States Marshal in the eviction of any occupant and shall secure the premises upon eviction; (b) the United States Marshal shall be allowed to accomplish such eviction and/or seizure with whatever reasonable |

EXHIBIT A (cont.) Treatment of Occupants of Park

|  | force necessary to enter the mobile home premises, regardless of whether said premises and/or location is locked or unlocked, occupied or unoccupied, and to inspect the contents of any rooms, closets, cabinets, containers, desks or documents; (c) anyone interfering with the execution of the foregoing shall be subject to arrest by law enforcement officials. |
|---|---|
| Risks: | There is a risk that if Debtor is unable to either sell or refinance the Park, there will not be funds available to pay the occupants who elect to receive the $35,000 delayed payment. |

EXHIBIT B -omitted