**FILED & ENTERED**

**JUN 15 2020**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** sumlin    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.:    2:18-bk-15559-NB |
| R44 Lending Group, LLC, | Chapter:    11 |
| Debtor(s) | **ORDER RE EX PARTE COMMUNICATIONS** |

The chambers of the undersigned Bankruptcy Judge has received several communications, in the form of phone calls and voicemails, from tenants from Park Granada Mobile Home Park, the mobile home park owned by Debtor.  The undersigned Bankruptcy Judge has been apprised of the general nature of the communications but, due to ethical considerations, has not reviewed them.

This Court cannot provide legal advice to either side of any dispute and cannot act on information that has been conveyed in private.  This Court can only act on papers filed and served in accordance with applicable law, or on arguments and evidence presented in open court.

These limitations are not only imposed by the ethical rules: they are also a matter of basic fairness.  It would be unfair if either the tenants or Debtor could communicate privately to this Court, without the other side (a) knowing exactly what was said, (b) being able to respond, and (c) being able to preserve a record of what was said so

that any appellate courts, and the public, can review the full basis for whatever this Court decides in this case.

The undersigned Bankruptcy Judge recognizes that the tenants might be confused about how to proceed; they might not be able to afford an attorney to represent them; and they might face other obstacles to preparing and filing legal papers and appearing in court.  These types of concerns have been addressed in part by allowing parties to appear by telephone, and other accommodations that are intended to help all litigants.  Regrettably, this Court has no power to appoint an attorney for persons who cannot afford one.  But this Court can refer individuals to this Court's website (www.cacb.uscourts.gov), which attempts to provide information to help the public.  Beyond that, the undersigned Bankruptcy Judge is not aware of any ethically permitted and fair methods of helping litigants.

For the foregoing reasons, it is hereby **ORDERED** :

1. <u>This Court is taking no action in response to the communications described above</u>.

2. <u>Adam Toporoff, Esq.</u>, of Nussbaum APC, who is counsel of record for certain tenants, is directed to serve a copy of this order via U.S. mail on all tenants known to him, no later than seven days after the entry of this order on this Court's docket.

3. Jeffrey S. Shinbrodt, Esq., of Jeffrey S. Shinbrodt, APLC, who is counsel of record for Debtor, is directed to meet and confer with Mr. Toporoff to provide names of existing tenants and addresses that might be unknown to Mr. Toporoff.

###

Date: June 15, 2020

Neil W. Bason
United States Bankruptcy Judge