| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Jeffrey S. Shinbrot, Esquire (155486)<br>JEFFREY S. SHINBROT, APLC<br>15260 Ventura Blvd., Suite 1200<br>Sherman Oaks, CA 91403<br>(310)659-5444<br>(310)878-8304 Fax<br>jeffrey@shinbrotfirm.com | FOR COURT USE ONLY |
| ☐  Individual *appearing without an attorney*<br>☒  *Attorney for:* R44 Lending Group, LLC | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES  DIVISION**

| | |
|---|---|
| In re:<br><br>R44 Lending Group, LLC<br><br><br><br><br><br><br><br>Debtor(s) | CASE NO.: 2:18-bk-15559-NB<br><br>CHAPTER: 11<br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:**  (*title of motion*[1])<br>PRE-TRIAL STIPULATION ON HEARING ON DEBTOR'S FIFTH AMENDED CHAPTER 11 PLAN. |

PLEASE TAKE NOTE that the order titled **PRE-TRIAL STIPULATION ON HEARING ON DEBTOR'S FIFTH AMENDED CHAPTER 11 PLAN:** was lodged on (*date*) 8/4/2020 and is attached.  This order relates to the motion which is docket number 134.

---

[1]  Please abbreviate if title cannot fit into text field.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## L . O . U
Lodged Order Upload

**Bankruptcy LODGED ORDER UPLOAD FORM**

Tuesday, August 04, 2020

CONFIRMATION :

Your Lodged Order Info:

**( 10284126.doc )**
  A new order and exhibit has been added

- **Office**:  Los Angeles
- **Case Title**:  R44 LENDING GROUP, LLC a Delaware Limited Liabilit
- **Case Number**:  18-15559
- **Judge Initial**:  NB
- **Case Type**:  bk ( Bankruptcy )
- **Document Number**:  134
- **On Date**:  08/04/2020 @ 10:59 AM

Thank You!

United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 East Temple Street
Los Angeles, CA 90012

JEFFREY S. SHINBROT, ESQ. (SBN 155486)
jeffrey@shinbrotfirm.com
JEFFREY S. SHINBROT, APLC
8200 Wilshire Boulevard, Suite 400
Beverly Hills, California 90211
Telephone: (310) 659-5444
Fax: (310) 878-8304
Reorganization Counsel for
Debtor-In-Possession R44 LENDING GROUP,
INC.

LANE M. NUSSBAUM, ESQ (SBN 264200)
lnussbaum@nussbaumapc.com
ADAM L. TOPOROFF, ESQ. (SBN 298115)
adam@nussbaumapc.com
RICHARD J. USS, ESQ (SBN 273871)
richard@nussbaumapc.com
NUSSBAUM APC
27489 Agoura Rd., Ste. 102
Agoura Hills, California 91301
Telephone: (818) 660-1919
Fax: (818) 864-3241
Counsel for Christina Vegas and Tina Delgadillo

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:18-bk-15559-NB |
| R44 LENDING GROUP, LLC, | Chapter 11 |
| Chapter 11 Debtor and Debtor-In-Possession. | **PRE-TRIAL STIPULATION ON HEARING ON DEBTOR'S FIFTH AMENDED CHATPER 11 PLAN** |
| | <u>**PRE-TRIAL CONFERENCE**</u> |
| | **Date:** August 18, 2020<br>**Time:** 2:00 p.m.<br>**Place:** 255 East Temple Street,<br>Los Angeles, California, Courtroom 1545 |

      **COMES NOW** R44 LENDING GROUP, LLC, the chapter 11 Debtor in the case

1

UTILITY ORDER

captioned above (the "Debtor") and Christina Vegas, Tina Delgadillo, Josefa Olmos, Jordon Roberts, Urbano Martinez, Jose Sanchez, Maria Chavez, Zoila Figueroa, Rosalina Dahlig, Dolores Andrews, Israel Chagollan, Juanita Alano (the "Park Granada Tenants" and collectively with the Debtor the "Parties"), by and through their undersigned counsel and hereby stipulate, agree and request that the Court enter its Pre-Trial Order as follows set forth herein in connection with the hearing on confirmation of the Debtor Fifth Amended Disclosure Statement (ECF #133 , the "Disclosure Statement") describing the Debtors' Fifth Amended Plan 11 Plan (ECF # 134, the "Plan").

PRE-TRIAL STIPULATION

(A)    <u>The following facts are admitted and require no proof:</u>

i.    The Debtor filed for relief under chapter 11 of the Bankruptcy Code on May 15, 2018.

ii.    The instant case is the Debtor's first and only chapter 11 filing.

iii.    The Debtor is the owner of the record owner of the mobile home park located at 218 West Carson Street, Carson, California, ("Park Granada").

iv.    Prior to the filing of Debtor's chapter 11 case, in January 2018, the Debtor gave notice to each tenant of closure of the Park Granada in compliance with the Carson Municipal Code.

v.    On March 23, 2020, the Bankruptcy Court entered its Order finding that for purposes of the Debtor's Fifth Amended chapter 11 plan, the current value of Park Granada as a mobile home park is $950,000.00 and 2. For purposed of the Debtor's Fifth Amended Chapter 11 Plan the value of Park Granada as vacant land is $3,850,00.00 (ECF #151).

vi.    On March 23, 2020, the Bankruptcy Court approving the Debtor's Fifth Amended Disclosure Statement describing the Debtor's Fifth Amended Plan (ECF # 152).

vii.    The Plan provides that payment of fees is subject to court approval and therefore satisfies 11 U.S.C. § 1129(a)(4).

viii.    The Plan discloses the identity and affiliations of any individual proposed to serve as a director, officer, or voting trustee of the debtor as

2

required by 11 U.S.C. § 1129(a)(5)(A)(i).

ix. 11 U.S.C. § 1129(a)(6) is not applicable to the Debtor's Plan.

x.  The Plan provides for payment of administrative claims in full on the effective date unless otherwise agreed as required by 11 U.S.C. § 1129(a)(9)(A).

xi. The Plan satisfies the requirements for deferred cash payments to be made to accepting holders of non-priority tax claims pursuant to 11 U.S.C. § 1129.

xii. Based on the valuations established by the Court the Plan is feasible pursuant to 11 U.S.C. § 1129(a)(11).

xiii. The Plan provides that all fees payable under 28 U.S.C. § 1930 will be paid on or before the effective date as required by 11 U.S.C. §1129(a)(12).

xiv.    The Plan provides no retiree benefits provision, and 11 U.S.C. §1129(a)(13) is not applicable.

xv. The Debtor is not is not required to pay a domestic support obligation, therefore 11 U.S.C. §1129(a)(14) is not applicable to plan confirmation.

xvi. The Debtor is not an individual, therefore 11 U.S.C. §1129(a)(15) is not applicable to plan confirmation.

xvii.    All transfers of property under the plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust as required by 11 U.S.C. §1129(a)(16)

(B)  The following issues of fact, and no others, remain to be litigated:

i.  Does the Plan comply with the requirement that it pay reasonable costs of relocation to Park Granada's occupants?

ii. Is Debtor's plan proposed in good faith pursuant to 11 USC 1129(a)(3)?

iii. Has the Debtor established that Cal. Gov. Code 65863.7(f) exempts Debtor from otherwise applicable requirements of California law or

regulation?

iv.  Were Debtor's loans obtained from friends, family and business associates with knowledge that Park Granada could not generate profit with the loans in place? [1]

v.  Were Debtor's loans obtained so that the loans would drive Debtor into bankruptcy allowing Debtor to close Park Granada and repay the loans? [2]

vi.  Does Debtor's plan improperly prohibit certain tenants from receiving relocation assistance without any basis?

vii. What is the proper amount of relocation assistance for tenants if Debtor's plan is confirmable?

(C) The following issues of law, and no others, remain to be litigated:

i.  Whether or not the Plan was proposed in good faith pursuant to 11 U.S.C. § 1129(a)(3).

ii.  Whether each member of an impaired class has either accepted the Plan or will receive as much if debtor liquidated in a chapter 7 as required by 11 U.S.C. § 1129(a)(7).

iii.  Whether the Plan meets the requirements to cram down on rejecting classes (if any).

iv.  Whether at least one class of claims that is impaired under the plan has accepted the Plan, exclusive of any acceptance by a plan insider as required by 11 U.S.C. §1129(a)(10).

v.  Whether the closing of Park Granada results from the entry of an order for relief in bankruptcy as contemplated by *Gov. Code* §65863.7(f) which would establish that Carson Municipal Code 9128.21 conflicts with and is preempted by the Bankruptcy Code or nonbankruptcy law.

vi.  Is Debtor's plan in good faith as the loans obtained from friends, family

---

[1] The Debtor does not believe that this factual inquiry is relevant to confirmation of the Plan.
[2] Id.

and business associates of Debtor with prior knowledge that Park

Granada could not generate profit?[3]

    vii. Is Debtor's plan in good faith as the loans obtained would drive Park

Granada into bankruptcy allowing Debtor to close Park Granada and

repay the loans.[4]

    viii. Has the Debtor established that Cal. Gov. Code 65863.7(f) exempts the

Debtor from otherwise applicable requirements of California law or

regulation (including the Carson Municipal Code and an order to pay

relocation costs)?

    ix. Can Debtor close Park Granada in this bankruptcy action in violation of

the Los Angeles County Eviction Moratorium?

(D)    Attached is a list of exhibits intended to be offered at the trial by each party,

other than exhibits to be used for impeachment only. The parties have

exchanged copies of all exhibits.

(E) The parties have exchanged a list of witnesses to be called at trial.

(F) Other matters that might affect the trial such as anticipated motions in limine,

motions to withdraw reference due to timely jury trial demand pursuant to LBR

9015-2, or other pretrial motions :

The Debtor expects to file a Motion in Limine to exclude the Tenants inquiries into

whether or not the Debtor's loans were obtained from friends, family and business

associates with knowledge that Park Granada could not generate profit with the

loans in place and whether the loans were obtained so that the loans would drive

Debtor into bankruptcy allowing Debtor to close Park Granada and repay the loans.

If the Bankruptcy Court agrees with the Tenants on this issue, the Debtor may call

approximately 12 witnesses (commencing at witness number 7 on the Debtor's

witness list below), most of whom do not reside in Southern California so there

may be logistical issues with live testimony.

(G) All discovery is complete.

---

[3] The Debtor does not believe that this inquiry is relevant to confirmation of the Plan.
[4] Id.

            PRETRIAL STIPULATION

1    (H) The parties are ready for trial.

2     (I) The estimated length of trial is 3 days.

3    (J) The foregoing admissions have been made by the parties, and the parties have

4    specified the foregoing issues of fact and law remaining to be litigated. Therefore,

5    this order supersedes the pleadings and governs the course of trial of this cause,

6    unless modified to prevent manifest injustice.

7

8    **IT IS SO ORDERED**.

9                                                        #####

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DEBTOR'S WITNESS LIST

| Number | Witness and Subject of Testimony |
|--------|----------------------------------|
| 1 | Peter Starflinger: History of Park Granada, including past lawsuits, financing from Southwest Financing and its beneficiaries, other financing for Park Granada, relocation and mobile home replacement costs (if relevant), condition of Park Granada and post confirmation re-purposing of the Debtor. |
| 2 | Leo Starflinger: Financing of Park Granada, including through R44 Lending Group, condition of Park Granada |
| 3 | Annette Garner: Loan to the Debtor |
| 4 | Diane Valine: Loan to the Debtor |
| 5 | Gregory A. Garbacz: Tenant litigation against Park Granada and costs related thereto |
| 6 | Franc Balistrieri: History of Park Granada |
| 7 | Laura Afonina: Financing of Park Granada |
| 8 | Edwina Thoma: Financing of Park Granada |
| 9 | Arthur Walcher: Financing of Park Granada |
| 10 | Benno Starflinger: Financing of Park Granada |
| 11 | Erich Paul: Financing of Park Granada |
| 12 | Angela Fischer: Financing of Park Granada |
| 13 | Freya Hammer: Financing of Park Granada |
| 14 | Nobert Glockner: Financing of Park Granada |
| 15 | Bruce Offler: Financing of Park Granada |
| 16 | Lilongo Tafea: Financing of Park Granada |
| 17 | Anita Meier: Financing of Park Granada |
| 18 | Arron Kirnbenger: Financing of Park Granada |
| 19 | Impeachment witnesses related to the Tenant's Exhibits |

PRETRIAL STIPULATION

TENANTS' WITNESS LIST

| Number | Witness and Subject of Testimony |
|--------|----------------------------------|
| 1 | Christina Vegas – testimony concerning replacement value of mobile home; right to receive relocation assistance; occupancy at Park Granada; interaction with Debtor; interaction with Southwest Finance. |
| 2 | Tina Delgadillo– testimony concerning replacement value of mobile home; right to receive relocation assistance; occupancy at Park Granada; interaction with Debtor; interaction with Southwest Finance. |
| 3 | Josefa Olmos – testimony concerning replacement value of mobile home; right to receive relocation assistance; occupancy at Park Granada; interaction with Debtor; interaction with Southwest Finance. |
| 4 | Jordon Roberts– testimony concerning replacement value of mobile home; right to receive relocation assistance; occupancy at Park Granada; interaction with Debtor; interaction with Southwest Finance. |
| 5 | Urbano Martinez– testimony concerning replacement value of mobile home; right to receive relocation assistance; occupancy at Park Granada; interaction with Debtor; interaction with Southwest Finance. |
| 6 | Jose Sanchez– testimony concerning replacement value of mobile home; right to receive relocation assistance; occupancy at Park Granada; interaction with Debtor; interaction with Southwest Finance. |
| 7 | Maria Chavez– testimony concerning replacement value of mobile home; right to receive relocation assistance; occupancy at Park Granada; interaction with Debtor; interaction with Southwest Finance. |
| 8 | Zoila Figueroa– testimony concerning replacement value of mobile home; right to receive relocation assistance; occupancy at Park Granada; interaction with Debtor; interaction with Southwest Finance. |
| 9 | Rosalina Dahlig– testimony concerning replacement value of mobile home; right to receive relocation assistance; occupancy at Park Granada; interaction with Debtor; interaction with Southwest Finance. |
| 10 | Dolores Andrews– testimony concerning replacement value of mobile home; right to receive relocation assistance; occupancy at Park Granada; interaction with Debtor; interaction with Southwest Finance. |
| 11 | Israel Chagollan– testimony concerning replacement value of mobile home; right to receive relocation assistance; occupancy at Park Granada; interaction with Debtor; interaction with Southwest Finance. |
| 12 | Juanita Alano– testimony concerning replacement value of mobile home; right to receive relocation assistance; occupancy at Park Granada; interaction with Debtor; interaction with Southwest Finance. |
|  | Tenants reserve the right to call any witnesses in Tenant's case in chief that Debtor has been identified in this Report |

## DEBTOR'S EXHIBIT LIST

| Doc. No. | Description | Objection |
|---|---|---|
| 1 | Debtor's Bankruptcy Petition and Schedules and any amendments thereto | |
| 2 | Any and all declarations and Exhibits previously filed in the Debtor's Bankruptcy Case, and declarations filed in support of Plan Confirmation, including Ballot Talley | |
| 3 | Evidence of interest rates from https://www.federalreserve.gov | |
| 4. | Debtor shall submit proof of funds at the time of trial sufficient to fund the Plan | |

## TENANT'S EXHIBIT LIST

| Doc. No. | Description | Objection |
|---|---|---|
| 1 | The Deed of Trust between R44 Lending Group, LLC and Southwest Finance, naming Southwest Finance as beneficiary, recorded December 7, 2015. | |
| 2 | The Deed of Trust between R44 Lending Group, LLC and Annette Garner naming Annette Garner as beneficiary, recorded December 29, 2015. | |
| 3 | The Deed of Trust between R44 Lending Group, LLC and Diane Oeffler Valine, Trustee of the Diane Oeffler Valine Family Trust naming Diane Oeffler Valine, Trustee of the Diane Oeffler Valine Family Trust as beneficiary, recorded May 23, 2016. | |
| 4 | Deed of Trust between R44 Lending Group, LLC and Peter Starflinger, recorded November 9, 2016, naming Peter Starflinger as beneficiary. | |
| 5 | Subordination Agreement executed by Peter Starflinger as Manager of Future Growth, LLC and Leo Starflinger as Manager for R44 Lending Group, LLC, recorded December 7, 2015. | |
| 6 | Substitution of Trustee and Full Reconveyance executed by Peter Starflinger as Manager for Southwest Finance, recorded December | |

| | | 7, 2015. | |
|---|---|---|---|
| | 7 | November 19, 2019 Filing with the California Secretary of State for Future Growth, LLC. | |
| | 8 | Grant Deed for APN: 7343-012-024, recorded November 7, 2002. | |
| | 9 | June 20, 2019 Filing with the California Secretary of State for Sprkncdoych, LLC. | |
| | 10 | The Grant Deed for Property APN: 7343-012-024, recorded March 19, 2009. | |
| | 11 | The January 13, 2020 Filing with the California Secretary of State for LA Investment, LLC. | |
| | 12 | Grant Deed for Property APN: 7343-012-024, recorded May 26, 2009. | |
| | 13 | January 2, 2018 Filing with the California Secretary of State for 218 Properties, LLC. | |
| | 14 | Trustees Deed Upon Sale for APN: 7343-012-024, recorded November 12, 2014. | |
| | 15 | June 26, 2015 Filing with the California Secretary of State for R44 Lending Group, LLC. | |
| | 16 | Substitution of Trustee executed by Peter Star as a representative of R44 Lending Group, LLC, recorded December 16, 2013. | |
| | 17 | Notice of Default and Election to Sell, recorded December 16, 2013. | |
| | 18 | August 17, 2018 Filing with the California Secretary of State for Southwest Finance, LLC. | |

**IT IS SO STIPULATED**.

PRETRIAL STIPULATION

1    **IT IS SO STIPULATED**.

2                                              JEFFREY S. SHINBROT, APLC

3           August 3, 2020
4    Dated: ~~May 28, 2020~~
                                              _____
5                                              By: Jeffrey S. Shinbrot, Esquire
                                              General Insolvency Counsel to
6                                              R44 LENDING GROUP, LLC

7

8                                              NUSSBAUM APC

9

10   Dated: _____, 2020
                                              _____
11                                             By: Richard J. Uss, Esquire
                                              Adam Toporoff, Esquire
12                                             Attorney for Christina Vegas, Tina
                                              Delgadillo, Josefa Olmos, Jordon
13                                             Roberts, Urbano Martinez, Jose
                                              Sanchez, Maria Chavez, Zoila Figueroa,
14                                             Rosalina Dahlig, Dolores Andrews,
                                              Israel Chagollan, Juanita Alano
15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRETRIAL STIPULATION

1    **IT IS SO STIPULATED**.

2                                                    JEFFREY S. SHINBROT, APLC

3

4    Dated: May 28, 2020

5                                                    _____
                                                     By: Jeffrey S. Shinbrot, Esquire
6                                                    General Insolvency Counsel to
                                                     R44 LENDING GROUP, LLC

7

8                                                    NUSSBAUM APC

9

10   Dated: August 3, 2020

11                                                   By: Richard J. Uss, Esquire
                                                     Adam Toporoff, Esquire
12                                                   Attorney for Christina Vegas, Tina
                                                     Delgadillo, Josefa Olmos, Jordon
13                                                   Roberts, Urbano Martinez, Jose
                                                     Sanchez, Maria Chavez, Zoila Figueroa,
14                                                   Rosalina Dahlig, Dolores Andrews,
                                                     Israel Chagollan, Juanita Alano
15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRETRIAL STIPULATION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

15260 Ventura Blvd., Suite 1200
Sherman Oaks, CA

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**X   1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 8/4/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Dare Law**    dare.law@usdoj.gov, ron.maroko@usdoj.gov;Alvin.mar@usdoj.gov
- **Lane M Nussbaum**    lnussbaum@nussbaumapc.com, info@nussbaumapc.com
- **Jeffrey S Shinbrot**    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

**2.   SERVED BY UNITED STATES MAIL**:  On (*date*)  8/4/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 8/4/2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/4/2020 | Sandra Rodriguez | /s/Sandra Rodriguez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 2                    **F 9021-1.2.BK.NOTICE.LODGMENT**